# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

**FERRIE ARVADA HAMPTON**                                                              **PLAINTIFF**

**v.**                                      **CIVIL ACTION NO. 1:10CV-55-M**

**SOCIAL SECURITY ADMINISTRATION**                                  **DEFENDANT**

## MEMORANDUM OPINION

Acting without the assistance of counsel, Plaintiff Ferrie Arvada Hampton filed this action by filling out a general complaint form. Plaintiff sued only the Social Security Administration. In the section of the form complaint asking Plaintiff to list the "grounds for filing this case in federal court," he states: "social security put a payee over the check and I Ferrie Hampton did not receive the check which was a social security check and a disability check."

In section of the form complaint asking Plaintiff to state the basis of his claim in more detail, he states:

> Social Security Administration Office Hired Vivian Gentry as a payee and account agent to work on Ferrie Hampton behalf and would not give him the disability check or social security or the social security debit cards and social security insurance card and charging it in other places

Under 28 U.S.C. § 1915(e), which governs *in forma pauperis* proceedings, the Court has a mandatory duty to screen initial filings. *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Specifically, a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief.

The right to sue the United States or one of its agencies is limited to the extent of the

pertinent waiver of sovereign immunity. *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941). Congress has provided such a waiver over claims arising under Title II of the Social Security Act, 42 U.S.C. § 405(g). The subject matter jurisdiction of the district court may be invoked for judicial review of "final decisions" of the Secretary of Health and Human Services. *Id.* Because exhaustion is a prerequisite to federal court jurisdiction, it is necessary to determine whether Plaintiff exhausted all available remedies and obtained a "final decision . . . made after a hearing" that is ripe for this Court's review. While the term "final decision" is left undefined by the statute, its meaning is left to the Agency to define by regulation. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). The regulations specify a four-step administrative review process for obtaining a final decision subject to federal court review.

A "final decision" is the completion of a four-step process of administrative review: (1) an initial determination, (2) reconsideration of that determination, (3) a hearing before an administrative law judge, and (4) review by the Appeals Council. *See* 20 C.F.R. § 404.900(a)(1)-(5) (2009). Only after these four steps may a claimant obtain judicial review. *Id.* Plaintiff has not demonstrated that he has exhausted his administrative remedies. As such, the Court will dismiss his claims without prejudice for failure to exhaust.

Date:

cc: Plaintiff, *pro se*

4414.008